# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**JOHN E. PALMER**                                                    **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 4:13-cv-33-HTW-LRA**

**TOWN OF DEKALB MUNICIPAL COURT, ET AL.**         **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff is an inmate currently incarcerated in the Kemper County Jail, who filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] On the same day Plaintiff filed this case, he also filed a Petition for habeas corpus relief in this Court, which was assigned civil action number 4:13-cv-31-HTW-LRA. Upon liberal review of the Complaint and subsequent pleadings, the Court has reached the following conclusions.

## I.    Background

Plaintiff claims that he is unlawfully incarcerated. He states that he has been incarcerated several times in the "past years" based on "old fines" from the Town of Dekalb Municipal Court. Compl. [1] at 4. Plaintiff believes that he should be released based on the time he has already served and based on the amount of money he has paid towards his fines. As relief in this suit, Plaintiff states that he is seeking "time served and these fine[s] gone." *Id.* at 4.

Initially, the Court entered an Order [5] advising the Plaintiff that release from incarceration is not available in a suit filed pursuant to § 1983. Plaintiff was advised that he must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. The Court noted that Plaintiff is currently pursuing similar, if not identical,

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on April 2, 2013.

claims in his pending habeas corpus case. The Order provided Plaintiff with the opportunity to dismiss this § 1983 case or file a response stating that he wishes to continue with this case as it is filed. Plaintiff filed a Response[2] wherein he states that he wishes to continue with this § 1983 case and his pending habeas corpus case. Plaintiff explains this decision by stating that he is not suing just to "get time-serve[d]" but that he would negotiate with the Court for a sentence that releases him based on the amount of time he has already been incarcerated and based on paperwork that can prove his fine is "gone." Resp. [6] at 1. In this Response, Plaintiff continues to challenge the validity of his current incarceration and asserts complaints that mirror the claims he is pursuing in his pending habeas corpus petition.

## II.     Analysis

As previously explained to the Plaintiff, "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)(citations omitted)(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case). Whereas habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration).

Plaintiff's request for "time-served" is a request for release from incarceration and the Court also construes Plaintiff's claims regarding the validity of his incarceration as a request for

---

[2]Plaintiff initially filed an unsigned Response [6] and later filed his signed Response [8].

release from incarceration.  Clearly, Plaintiff's claims do not challenge the *conditions* of his current confinement, but instead challenge the *fact or duration* of his confinement, and thus are habeas in nature.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").  Plaintiff has not asserted any claims regarding the conditions of his confinement in this case.

### III.    Conclusion

As discussed above, Plaintiff cannot pursue claims that affect his eligibility for, or entitlement to, accelerated release in a case filed pursuant to 42 U.S.C. § 1983.  Therefore, this § 1983 case will be dismissed without prejudice to Plaintiff's pursuit of these claims in his pending habeas corpus case, civil action number 4:13-cv-31-HTW-LRA.

SO ORDERED AND ADJUDGED this the 3RD day of April, 2013.

    s/ HENRY T. WINGATE  
    UNITED STATES DISTRICT JUDGE